UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORT, LTD. et al.,

    Plaintiffs,

v.                                                      Case No. 6:17-cv-1467-Orl-37DCI

MITCHELL REED SUSSMAN; and
MITCHELL REED SUSSMAN &
ASSOCIATES,

    Defendants.

## ORDER

In the instant action, forty Plaintiffs have filed suit against two Defendants for state law tort claims and injunctive relief. (Doc. 1 ("**Complaint**").) In doing so, Plaintiffs purport to invoke the Court's diversity jurisdiction. (*Id.* ¶ 41.) Given the number of Plaintiffs—many of which are unincorporated entities—the Court has expended considerable judicial resources to conduct a jurisdictional review of the Complaint. But, as is all too often the case, Plaintiffs have failed to sufficiently allege the parties' citizenship. Thus, Plaintiffs' Complaint is due to be dismissed. Nonetheless, the Court will grant Plaintiffs leave to amend their Complaint to cure the jurisdictional deficiencies and, if necessary, submit additional briefing to support their citizenship allegations.

    **I.**    **LEGAL STANDARDS**

"Federal law permits federal courts to resolve certain nonfederal controversies between 'citizens' of different States." *Americold Realty Tr. v. Conagra Foods, Inc.*,

136 S. Ct. 1012, 1014 (2016). "This rule is easy enough to apply to humans, but can become metaphysical when applied to legal entities." *Id.* For example, "[f]or a long time . . . Congress failed to explain how to determine the citizenship of a non-breathing entity like a business association." *Id.* at 1015. The U.S. Supreme Court "later carved a limited exception for corporations, holding that a corporation itself could be considered a citizen of its State of incorporation." *Id.* Thereafter, "Congress etched this exception into the U.S. Code, adding that a corporation should also be considered a citizen of the State where it has its principal place of business." *Id.* (citing 28 U.S.C. § 1332(c)). "But Congress never expanded this grant of citizenship to include artificial entities other than corporations. . . ." *Id.* For such unincorporated entities, federal courts must adhere to the "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members." *Id.*

The Supreme Court has "equated an association's members with its owners or the several persons composing such association"—for example, it has identified "the members of a joint-stock company as its shareholders, the members of a partnership as its partners, and the members of a union as the workers affiliated with it." *Id.*

## II. ANALYSIS

As it currently stands, the Court cannot determine whether it has diversity jurisdiction over this action due to the following shortcomings in Plaintiffs' citizenship allegations.

First, the Court requires more information regarding the citizenship of the trusts ("**Trusts**") identified as members or sub-members of certain Plaintiffs. In repleading such

-2-

allegations, Plaintiffs should heed the differences between traditional trusts and unincorporated entities labeled as "trusts" under state law. *Americold*, 136 S. Ct. at 1016. As recently articulated by the Supreme Court,

> [t]raditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued.
> Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in common with this traditional template. So long as such an entity is unincorporated, . . . it possesses the citizenship of all its members.

*Id.*

To constitute a traditional trust, the trustee must "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *See LMP Ninth St. Real Estate, LLC. v. U.S. Bank Nat'l Ass'n*, Case No. 8:16-cv-2463-T-33AEP, 2016 WL 6068302, at *2–3 (M.D. Fla. Oct. 17, 2016) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462–66 (1980)). If the trustee possess such powers, the citizenship of the trustee is controlling for purposes of diversity jurisdiction. *Id.* Hence Plaintiffs must identify whether the Trusts referenced in the Complaint are traditional trusts and, if so, Plaintiffs must identify the trustees and allege their citizenship individually. To the extent the Trusts are creatures of state law, Plaintiffs must identify their members and allege their citizenship individually.

In any event, Plaintiffs have improperly alleged the Trusts' citizenship, as they summarily allege that the trustees and beneficiaries of each Trust are "all citizens of the state of Florida." (*E.g.*, Doc. 1, p. 5.) To assure itself of its jurisdiction, this Court does not accept such summary recitals; rather, the parties must identify each trustee or member and allege their citizenship individually.

Plaintiffs' failure to properly allege the citizenship of the Trusts in turn prohibits the Court from assessing the citizenship of the entities of whom the Trusts are members or sub-members. Such entities include Westgate Resorts, Ltd., Westgate Vacation Villas, LLC, Westgate Lakes, L.L.C., Westgate Blue Tree Orlando, Ltd., Blue Tree LBV, LLC, West GV at the Woods, LLC, Westgate Towers, LLC, Westgate Flamingo Bay, L.L.C., Westgate Myrtle Beach LLC, Westgate Palace, LLC, Westgate RVS Orlando, LLC, Westgate GV at Emerald Pointe, LLC, Westgate Las Vegas Resort, LLC, and Westgate South Beach, LLC.

Plaintiffs also failed to allege the principal place of business for West Blue Tree Orlando, Inc., a limited partner of Plaintiff Westgate Blue Tree Orlando, Ltd. (Doc. 1, ¶ 4.)

Finally, Plaintiffs only identified the managers of Plaintiff Westgate CV at Painted Mountain, LLC, rather than its members. (Doc. 1, ¶ 13.) Plaintiffs must identify whether these managers are the sole members of Plaintiff Westgate CV at Painted Mountain, LLC. If they are not, Plaintiffs must identify all the members of this entity and allege their citizenship individually.

Plaintiffs would do well to thoroughly review the law and their citizenship allegations before submitting an amended complaint.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Complaint for Damages and Injunctive Relief (Doc. 1) is **DISMISSED** for failure to sufficiently allege the citizenship of the parties.

2. On or before Wednesday, **August 30, 2017**, Plaintiffs may file an amended complaint that remedies the faults identified in this Order. At this time, Plaintiffs may submit supplemental briefing to support their allegations if warranted. Such briefing may not exceed ten (10) pages.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 16, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record