IN THE UNITED STATES DISTRICT COURT OF
THE MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

WESTGATE RESORTS, LTD., a Florida limited partnership, by and through its general partner WESTGATE RESORTS, INC., a Florida corporation, WESTGATE VACATION VILLAS, LLC, a Florida limited liability company, WESTGATE LAKES, LLC, a Florida limited liability company, WESTGATE BLUE TREE ORLANDO, LTD., a Texas limited partnership, by and through its general partner BLUE TREE LBV, LLC, a Florida limited liability company, WESTGATE GV AT THE WOODS, LLC, a Florida limited liability company, WESTGATE TOWERS, LLC, a Florida limited liability company, WESTGATE FLAMINGO BAY, LLC, a Florida limited liability company, WESTGATE MYRTLE BEACH, LLC, a Florida limited liability company, WESTGATE PALACE, LLC, a Florida limited liability company, WESTGATE RVS ORLANDO, LLC, a Florida limited liability company, WESTGATE VACATION VILLAS OWNERS ASSOCIATION, INC., a Florida corporation, CLUB ORLANDO VACATION RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE LAKES OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWN CENTER OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS NORTH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE PALACE OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SMOKY MOUNTAIN RESORT AT GATLINBURG, OWNERS ASSOCIATION,

CASE NO.: 6:17-CV-1467-GKS-DCI

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

INC., a Tennessee corporation, WESTGATE FLAMINGO BAY, LAS VEGAS OWNERS ASSOCIATION, INC., a Nevada corporation, WESTGATE HISTORIC WILLIAMSBURG, OWNERS ASSOCIATION, INC., a Virginia corporation, WESTGATE PARK CITY RESORT & SPA, OWNERS ASSOCIATION, INC., a Utah corporation, RVS-ORLANDO II CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE MYRTLE BEACH OCEAN FRONT OWNERS ASSOCIATION, INC., a South Carolina corporation, CEDAR RIDGE AT THE WOODS CONDOMINIUM OWNERS ASSOCIATION, INC., a Missouri corporation, WESTGATE BRANSON WOODS OWNERS ASSOCIATION, INC., a Missouri corporation, GRAND VISTA AT EMERALD POINT CONDOMINIUM OWNER'S ASSOCIATION, INC., a Missouri corporation, PAINTED MOUNTAIN GOLF VILLAS CONDOMINIUM ASSOCIATION, INC., an Arizona corporation, CENTRAL FLORIDA INVESTMENTS, INC., a Florida corporation, BLUE TREE RESORT AT LAKE BUENA VISTA CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE GV AT EMERALD POINTE, LLC, a Florida limited liability company, WESTGATE GV AT PAINTED MOUNTAIN, LLC, a Florida limited liability company, LOGGER'S POINTE AT THE WOODS CONDOMINIUM PROPERTY OWNERS' ASSOCIATION, INC., a Missouri corporation, WESTGATE LAS VEGAS RESORT, LLC, a Delaware limited liability company, WESTGATE LAS VEGAS RESORT OWNERS ASSOCIATION, INC., a Nevada corporation, RVS-ORLANDO A CONDOMINIUM ASSOCIATION, INC., a Florida corporation, and WESTGATE SOUTH BEACH, LLC, a Florida limited liability company,

Plaintiffs,

2

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

vs.

MITCHELL REED SUSSMAN, an individual,
and MITCHELL REED SUSSMAN &
ASSOCIATES, a Law Firm,

           Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, WESTGATE RESORTS, LTD., a Florida limited partnership, by and through its general partner, WESTGATE RESORTS, INC., a Florida corporation, WESTGATE VACATION VILLAS, LLC, a Florida limited liability company, WESTGATE LAKES, LLC, a Florida limited liability company, WESTGATE BLUE TREE ORLANDO, LTD., a Texas limited partnership, by and through its general partner BLUE TREE LBV, LLC, a Florida limited liability company, WESTGATE GV AT THE WOODS, LLC, a Florida limited liability company, WESTGATE TOWERS, LLC, a Florida limited liability company, WESTGATE FLAMINGO BAY, LLC, a Florida limited liability company, WESTGATE MYRTLE BEACH, LLC, a Florida limited liability company, WESTGATE PALACE, LLC, a Florida limited liability company, WESTGATE RVS ORLANDO, LLC, a Florida limited liability company, WESTGATE VACATION VILLAS OWNERS ASSOCIATION, INC., a Florida corporation, CLUB ORLANDO VACATION RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE LAKES OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWN CENTER OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS NORTH OWNERS ASSOCIATION, INC., a

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Florida corporation, WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE PALACE OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SMOKY MOUNTAIN RESORT AT GATLINBURG, OWNERS ASSOCIATION, INC., a Tennessee corporation, WESTGATE FLAMINGO BAY, LAS VEGAS OWNERS ASSOCIATION, INC., a Nevada corporation, WESTGATE HISTORIC WILLIAMSBURG, OWNERS ASSOCIATION, INC., a Virginia corporation, WESTGATE PARK CITY RESORT & SPA, OWNERS ASSOCIATION, INC., a Utah corporation, RVS-ORLANDO II CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE MYRTLE BEACH OCEAN FRONT OWNERS ASSOCIATION, INC., a South Carolina corporation, CEDAR RIDGE AT THE WOODS CONDOMINIUM OWNERS ASSOCIATION, INC., a Missouri corporation, WESTGATE BRANSON WOODS OWNERS ASSOCIATION, INC., a Missouri corporation, GRAND VISTA AT EMERALD POINT CONDOMINIUM OWNER'S ASSOCIATION, INC., a Missouri corporation, PAINTED MOUNTAIN GOLF VILLAS CONDOMINIUM ASSOCIATION, INC., an Arizona corporation, CENTRAL FLORIDA INVESTMENTS, INC., a Florida corporation, BLUE TREE RESORT AT LAKE BUENA VISTA CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE GV AT EMERALD POINTE, LLC, a Florida limited liability company, WESTGATE GV AT PAINTED MOUNTAIN, LLC, a Florida limited liability company, LOGGER'S POINTE AT THE WOODS CONDOMINIUM PROPERTY OWNERS' ASSOCIATION, INC., a Missouri

4

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

corporation, WESTGATE LAS VEGAS RESORT, LLC, a Delaware limited liability

company,  WESTGATE LAS VEGAS RESORT OWNERS ASSOCIATION, INC., a

Nevada corporation, RVS-ORLANDO A CONDOMINIUM ASSOCIATION, INC., a

Florida corporation, and  WESTGATE SOUTH BEACH, LLC, a Florida limited liability

company (collectively, "Plaintiffs"), file this Complaint against Defendants, MITCHELL

REED SUSSMAN ("Sussman"), individually, and MITCHELL REED SUSSMAN &

ASSOCIATES ("Sussman Law"),  a law firm (collectively, "Defendants"), and state:

## PARTIES

### A.  The Developer Plaintiffs

1.     WESTGATE RESORTS, LTD., is a Florida limited partnership with its

principal place of business located in Orlando, Florida. Its general partner, Westgate

Resorts, Inc., is a Florida corporation with its principal place of business located in

Orlando, Florida. Its limited partners are Central Florida Investments, Inc., a Florida

corporation with its principal place of business located in Orlando, Florida, and the David

A. Siegel Irrevocable Trust dated as of August 19, 2015 (the "Siegel Irrevocable Trust"),

a Florida irrevocable trust.  The trustees are Michael Marder and David A. Siegel, who

are individuals domiciled in Orlando, Florida and are citizens of Florida.  As the trustees

possess the power to hold, manage, and dispose of the trust's assets for the benefit of

others, the Siegel Irrevocable Trust is a traditional trust and therefore diversity

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

jurisdiction is based on the citizenship of the trustees.   The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.[1]

2.      WESTGATE VACATION VILLAS, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida.   Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

3.      WESTGATE LAKES, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel

---

[1] According to the Court's August 16, 2017, Order, for traditional trusts, "the citizenship of the trustee is controlling for purposes of diversity jurisdiction."  However, in an abundance of caution, Plaintiffs are also alleging the domicile and citizenship of all such trust beneficiaries. As the identities of the beneficiaries of the Siegel Irrevocable Trust are confidential, Plaintiffs have provided the beneficiaries' citizenship information generally, without disclosing the specific names of the individual beneficiaries.

6

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Irrevocable Trust, a traditional Florida irrevocable trust.  The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

4.      WESTGATE BLUE TREE ORLANDO, LTD., is a Texas limited partnership with its principal place of business located in Orlando, Florida. Its general partner, Blue Tree LBV, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida.  WESTGATE BLUE TREE ORLANDO, LTD.'s limited partners are Westgate Blue Tree Orlando, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust.  The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida. Blue Tree LBV, LLC's sole member is the David A. Siegel Revocable Trust dated June 24, 1999 (the "Siegel Revocable Trust"), a Florida revocable trust.  The trustee is David A. Siegel, who is an individual domiciled in Orlando, Florida, and is a citizen of Florida. As the trustee possesses the power to hold, manage, and dispose of the trust's assets for the benefit of others, the Siegel Revocable Trust is a traditional trust and therefore diversity jurisdiction is based on the citizenship of the trustees.  The beneficiaries of the Siegel Revocable Trust are all domiciled in and are citizens of the state of Florida.[2]

---

[2] Per the Court's Order of August 16, 2017, for traditional trusts, "the citizenship of the trustee is controlling for purposes of diversity jurisdiction."  However, in an abundance of caution, Plaintiffs are also alleging the domicile and citizenship of all such trust beneficiaries. As the identities of the beneficiaries of the Siegel Revocable Trust are confidential, Plaintiffs have provided the beneficiaries' citizenship information generally, without disclosing the specific names of the individual beneficiaries.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

5.     WESTGATE GV AT THE WOODS, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

6.     WESTGATE TOWERS, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida. Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust.  The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

7.      WESTGATE FLAMINGO BAY, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida. Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

8.      WESTGATE MYRTLE BEACH, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida. Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

9.     WESTGATE PALACE, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust.  The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

10.    WESTGATE RVS ORLANDO, LLC, is a Florida limited liability company with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

11.     CENTRAL FLORIDA INVESTMENTS, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

12.     WESTGATE GV AT EMERALD POINTE, LLC, is a Florida limited liability company, with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

13.     WESTGATE GV AT PAINTED MOUNTAIN, LLC, is a Florida limited liability company, with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust. The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and citizens of the state of Florida.

14.     WESTGATE LAS VEGAS RESORT, LLC, is a Delaware limited liability company, with its principal place of business located in Orlando, Florida.  Its sole member is Westgate LVH, LLC, a Florida limited liability company.  Westgate LVH, LLC's sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust.  The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida.  The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

15.     WESTGATE SOUTH BEACH, LLC, is a Florida limited liability company, with its principal place of business located in Orlando, Florida.  Its sole member is Westgate Resorts, Ltd., a Florida limited partnership with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s general partner, Westgate Resorts, Inc., is a Florida corporation with its principal place of business located in Orlando, Florida. Westgate Resorts, Ltd.'s limited partners are Central Florida Investments, Inc., a Florida corporation with its principal place of business located in Orlando, Florida, and the Siegel Irrevocable Trust, a traditional Florida irrevocable trust.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

The trustees are Michael Marder and David A. Siegel, who are individuals domiciled in Orlando, Florida, and are citizens of Florida. The beneficiaries of the Siegel Irrevocable Trust are all domiciled in and are citizens of the state of Florida.

### B. **The Association Plaintiffs**

16. WESTGATE VACATION VILLAS OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

17. CLUB ORLANDO VACATION RESORT OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

18. WESTGATE LAKES OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

19. WESTGATE TOWERS OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

20. WESTGATE TOWN CENTER OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

21. WESTGATE TOWERS NORTH OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

22. WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

23. WESTGATE PALACE OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

24.     WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

25.     WESTGATE SMOKY MOUNTAIN RESORT AT GATLINBURG, OWNERS ASSOCIATION, INC., is a Tennessee corporation with its principal place of business located in Orlando, Florida.

26.     WESTGATE FLAMINGO BAY, LAS VEGAS OWNERS ASSOCIATION, INC., is a Nevada corporation with its principal place of business located in Orlando, Florida.

27.     WESTGATE HISTORIC WILLIAMSBURG, OWNERS ASSOCIATION, INC., is a Virginia corporation with its principal place of business located in Orlando, Florida.

28.     WESTGATE PARK CITY RESORT & SPA OWNERS ASSOCIATION, INC., is a Utah corporation with its principal place of business located in Orlando, Florida.

29.     RVS-ORLANDO II CONDOMINUM ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

30.     WESTGATE MYRTLE BEACH OCEAN FRONT OWNERS ASSOCIATION, INC., is a South Carolina corporation with its principal place of business located in Orlando, Florida.

31.     CEDAR RIDGE AT THE WOODS CONDOMINIUM OWNERS ASSOCIATION, INC., is a Missouri corporation with its principal place of business located in Orlando, Florida.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

32.     WESTGATE BRANSON WOODS OWNERS ASSOCIATION, INC., is a Missouri corporation with its principal place of business located in Orlando, Florida.

33.     GRAND VISTA AT EMERALD POINT CONDOMINIUM OWNER'S ASSOCIATION, INC., is a Missouri corporation with its principal place of business located in Orlando, Florida.

34.     PAINTED   MOUNTAIN   GOLF   VILLAS   CONDOMINIUM ASSOCIATION, INC., is an Arizona corporation with its principal place of business located in Orlando, Florida.

35.     BLUE TREE RESORT AT LAKE BUENA VISTA CONDOMINIUM ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

36.     LOGGER'S POINTE AT THE WOODS CONDOMINIUM PROPERTY OWNERS' ASSOCIATION, INC., is a Missouri corporation, with its principal place of business located in Orlando, Florida.

37.     WESTGATE LAS VEGAS RESORT OWNERS ASSOCIATION, INC., is a Nevada corporation, with its principal place of business located in Orlando, Florida.

38.     RVS-ORLANDO A CONDOMINIUM ASSOCIATION, INC., is a Florida corporation with its principal place of business located in Orlando, Florida.

C.  **The Defendants**

39.     Defendant MITCHELL REED SUSSMAN is an individual domiciled in Palm Springs, Riverside County, California, and is a citizen of California.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

40.     Defendant MITCHELL REED SUSSMAN & ASSOCIATES ("Sussman Law"), is a law firm wholly owned by Sussman with its primary place of business located at Palm Springs, Riverside County, California.

## JURISDICTION

41.     This Court has jurisdiction over this dispute by virtue of 28 U.S.C. § 1332 in that there is complete diversity of citizenship between all Plaintiffs and Defendants in this matter and  the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

42.     This Court may exercise personal jurisdiction over the Defendants because this action arises out of and is related to Defendants' purposeful contacts with the State of Florida, including (i) the solicitation of timeshare owners through the use of false and deceptive advertising, (ii) the inducement of Florida attorneys such as the Young Law Firm of Florida, LLC ("Young Law Firm"), through false representations, to record fraudulent deeds on the owners' behalf in Florida, (iii) the intentional interference with contracts between Plaintiffs, whose principal place of business is located in Orange County, Florida, and owners of timeshare interests in Florida, and (iv) the intentional interference with advantageous business and contractual relationships between Plaintiffs and owners with timeshare interests located in Florida.   Specifically, Defendants solicited, via postings on various websites, owners who owned timeshare interests with Plaintiffs (many of which are in Florida) ("Westgate Owners").   Through the false and deceptive advertisements and representations, Defendants lure the Westgate Owners to pay large upfront sums of money to retain their services, and through fraudulent

16

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

representations, induce Florida attorneys, such as the Young Law Firm, to file fraudulent deeds in Florida on their behalf, which are then provided to the Westgate Owners as Defendants' "Proof of Performance," and which underlie Plaintiffs' claims for tortious interference with contracts, tortious interference with advantageous business relationships, and violations of Florida Deceptive and Unfair Trade Practices ("FDUPTA").

43.     Defendants also executed agreements with the Westgate Owners, many of whom own timeshare interests in Florida.  Defendants were to perform the contracts, in whole or in part, in Florida, in that Sussman was to negotiate with Plaintiffs to procure the release of future obligations the Westgate Owners owed to Plaintiffs and the cancellation of the Westgate Owners' contracts with Plaintiffs.   To affect the cancellation, Sussman mailed letters to Plaintiffs in Florida.

44.     Should the negotiation with Plaintiffs fail, Defendants would secure the services of Florida attorneys, through deceptive means, to file fraudulent deeds on Defendants' behalf in Florida, and which are provided to the Westgate Owners as Defendants' "Proof of Performance" with a letter accompanying the deed congratulating the Westgate Owner and advising them that the timeshare interests are no longer in their name and therefore, they are relieved from any obligations they have to Plaintiffs.

45.     The Court's exercise of personal jurisdiction over Defendants will not violate traditional notions of fair play and substantial justice.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

## VENUE

46.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391, because as described above and below, a substantial part of the events giving rise to Plaintiffs' claims occurred in Orange County, Florida, a substantial number of Plaintiffs' timeshare resort properties are located in this District, and Defendants' conduct giving rise to the claims occurred in and/or caused damage to Plaintiffs in Orange County, Florida, which also make Defendants subject to this Court's personal jurisdiction.

## GENERAL ALLEGATIONS

### A.     The Timeshare Interest

47.     The Developer Plaintiffs are developers of timeshare resort properties throughout the United States, thirteen (13) of which are located in Florida, with twelve (12) in this District.  The Developer Plaintiffs' timeshare resorts have been in operation for many years and they have developed a considerable base of owners who own timeshare interests at the Developer Plaintiffs' various resorts.

48.     The Association Plaintiffs are owners' associations for the Developer Plaintiffs' timeshare resort properties throughout the United States. When timeshare owners purchase timeshares from the Developer Plaintiffs, the owners execute Contracts for Purchase and Sale wherein the owners agree to pay maintenance fees to the Association Plaintiffs for the upkeep of the timeshare units and common areas of the timeshare properties and the management of the resorts. In addition, the owners agree to

18

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

pay a pro-rated share of the real property taxes to the Association Plaintiffs, which monies are then submitted by the Association Plaintiffs to the local tax collectors.

49.     If a purchaser desires mortgage financing, he or she may complete and submit a mortgage application as part of the Purchase Agreement; and upon approval of financing to be provided by the Developer Plaintiff, a purchaser will execute and deliver a Promissory Note and Mortgage in connection with the timeshare purchase.  Both the Promissory Note and Mortgage are referenced and incorporated in the Purchase Agreement with the owners.  Developer Plaintiffs are the lender and holder of the Promissory Note and Mortgage.

50.     Plaintiffs have invested heavily in the development, evolution and perpetual improvement of their products and services. They continually add new and improved services to their member menu and are constantly otherwise improving their member experience.

51.     Plaintiffs actively and aggressively protect their proprietary business practices and processes and their brand. They devote substantial resources to advertising and other marketing promotions to increase the visibility and recognitions of their proprietary products and to maintain and enhance the value of their brand. Plaintiffs compete directly with other developers and marketers of vacation and travel products and services who target similar consumers. The good will associated with Plaintiffs' brands and their products and services are essential to Plaintiffs' ability to effectively compete in a highly competitive marketplace.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

**B.  Defendants' Scheme To Solicit Timeshare Owners Through The Use Of False And Misleading Advertising**

52.     Defendants engage in a scheme whereby they specifically seek out and solicit timeshare owners who own a timeshare interest with Plaintiffs and have an existing purchase agreement and loan in favor of Plaintiffs.

53.     Defendants' business model consist of soliciting timeshare owners from all over the country including Westgate Owners through Sussman Law's website, http://timesharelegalaction.com;  through  various  postings  on  websites  such  as https://www.youtube.com,  https://www.facebook.com,  and  https://www.newswire.com; and through referrals from third party timeshare exit companies.[3]

54.     In order to induce Westgate Owners to retain Sussman's legal services, Defendants advertise Sussman Law as specializing in "timeshare exit, cancellation and relief for embattled timeshare owners [who is] no longer interested in paying the ever escalating fees that are associated with timeshare ownership" and offer a "100% MONEY BACK GUARANTEE."  *See* **Exhibit "A."**

55.     Additionally, Defendants post on Sussman Law's Facebook page ("Facebook Page") that "[t]o date we have cancelled 10,000+ timeshares for disgruntled owners no longer interested in the burdens of timeshare ownership."  *See* **Exhibit "B."** Defendants provide the service for "the all-inclusive fee [of] $950."  *Id.*  Under the posting of a sample cancellation letter from another timeshare developer targeted by Defendants, Defendants direct visitors to the Facebook Page to visit Sussman Law's

---

[3] For the purposes of this complaint, the terms "timeshare exit compan[ies]" or "timeshare exit industry" refer to companies or individuals who solicit timeshare owners with promises to procure the termination of the timeshare owners' obligation to pay on their promissory note and purchase agreement.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

website, www.timesharelegalaction.com, where "you will see proofs of performance from virtually every timeshare company on the face of this planet." *See* **Exhibit "C."**

56.     Defendants respond to inquiries regarding cancellations against Westgate Lakes by stating that Sussman has been able to obtain "hundreds of Westgate cancellations," when in fact, the number was more in the teens. *See* **Exhibit "D."**

57.     The postings from the various websites strongly suggest that Defendants can obtain the same result for other timeshare owners, regardless of whether there is any legitimate legal basis for the cancellation. *See e.g.*, **Exhibit "E,"** in response to an inquiry regarding cancellation of timeshares owned by deceased parents, without inquiring further regarding the specific facts of the case, Defendants respond, "Easy . . . we can make this go away.  Cal [sic] the office and ask for Steve or Jeff." Upon information and belief, Steve and Jeff are not attorneys but merely case managers.

58.     Upon information and belief, Defendants continuously violate Florida Bar Rules prohibiting, among other things, misleading and incomplete advertising and the unlicensed practice of law, by using timeshare exit companies to directly solicit/contact timeshare owners to convince the timeshare owners to retain their services and then refer the timeshare owners to Defendants in return for a fee paid by Defendants.

59.     Defendants' advertising and promises to owners are false. Defendants' use of false and misleading advertising to sell their services, and then deceptive and unfair trade practices once they have been employed, have played a material and substantial part in inducing existing members to cease doing business with Plaintiffs and others not to deal with Plaintiffs at all.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

**C.** **Defendants' Encouragement Of The Westgate Owners To Immediately Default On All Payment Obligations Related To Their Timeshare Interest**

60.    In order to entice Westgate Owners to sign the retainer agreement with Defendants, and pay large upfront sums of money, Defendants direct the Westgate Owners to immediately stop paying the: (1) maintenance fees and property taxes to the Association Plaintiffs as required by the Contracts for Purchase and Sale; and (2) amounts owed to the Developer Plaintiffs as required by the Promissory Notes.  This instruction is made without any prompting from the timeshare owners, without reviewing the timeshare owners' Purchase Agreement, Note, or Mortgage, or otherwise conducting any investigation, and without the timeshare owners informing Defendants of any legal defenses they may have.  Sussman Law's staff further reiterates the direction to discontinue making payments in follow-up communications with the timeshare owners in order to further induce the owners to retain Sussman and pay the large upfront retainer fees.

61.    Defendants falsely assure the timeshare owners that, despite breaching their legally binding agreement with timeshare developers and associations such as Plaintiffs, the timeshare owners will not be responsible for any missed note payments or maintenance fees and will be able to walk away free and clear as their legal services are designed to release the timeshare owners from any future obligations.

62.    According to Defendants and their solicitations, they will be able to not only get the timeshare developers and associations to take back the deed, but they will also forgive the remaining loan balances and maintenance fees and taxes.  Defendants

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

back this "promise" with a 100% money-back guarantee.  But these representations and "promises" by Defendants are false.

63.     Defendants inform the potential timeshare owner clients that the process will take about 6-12 months and their credit score will only drop about 50-75 points temporarily, which may be resolved by the potential client reaching out to the credit bureaus and providing the credit bureaus with the letters they will be sending the timeshare developers and associations, such as Plaintiffs.

64.     These assurances, along with the advertisements discussed above, were false.  They were material misrepresentations, made by Defendants knowing that they were false, with the intent that the Westgate Owners would rely on them to retain Defendants and pay Defendants large upfront sums of money.

65.     The Westgate Owners relied upon these false and deceptive representations, only to have Plaintiffs not forgive the debt and pursue legal action against the Westgate Owners, with resulting detrimental monetary judgments and reduction in credit scores.  The ultimate goal of Defendants' overall fraudulent and deceptive scheme was to harm Plaintiffs for Defendants' pecuniary benefit.

66.     Defendants knew that their representations were false because in 2014, Plaintiffs informed Defendants that they will not cancel any of Defendants' clients' contracts and "will proceed with all remedies available to it at law."  *See* **Exhibit "F".**

67.     Further, in a letter dated October 21, 2015, Plaintiffs informed Defendants that due to the "factually and legally inaccurate" claims made in their form letters: (1) they "will no longer be responding" to the same; (2) they have instituted lawsuits against

23

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Defendants' clients who have defaulted in their contractual obligations seeking money judgments, not foreclosure; and (3) they may institute lawsuits against Defendants' clients who have not defaulted but who choose to do so "as threatened" in their form letters. *See* **Exhibit "G."** But Defendants' conduct continued nonetheless.

### D.  **Defendants' Continued Their Deceptive Conduct After Retaining The Clients To Cause Further Harm to Plaintiffs**

68.     After obtaining a Westgate Owner as their client, Defendants send Plaintiffs form letters on Sussman Law's letterhead.  *See e.g.*, **Exhibits "H," "I," and "J."** These form letters: (1) generically reference "claims of fraud and misrepresentation in connection with the time-share presentation and sale"; (2) inform Plaintiffs that their client "will no longer be making any payments on the timeshare including any future or past due maintenance assessments"; and cite to irrelevant law such as California's Fair Debt Collection Practices Act.

69.     Defendants send these pre-drafted form letters for Westgate Owners without prior investigation of the Westgate Owner's case or informing them that Defendants are pursuing such a claim on their behalf.

70.     At the time Defendants consult with the Westgate Owners, collect their advance paid retainer fee, sign the engagement agreement, and send the demand letters or file the complaints, Defendants knew that the Westgate Owners have an enforceable contractual relationship with Plaintiffs.

71.     Defendants are fully aware that the Westgate Owners have no valid grounds to terminate their contractual relationships; so instead, Defendants make false

24

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

statements and/or allegations against Plaintiffs, without even informing the Westgate Owners of their intention to make the false statements and/or allegations.

72.     On Sussman Law's website, as "Proof of Performance," Defendants post letters from various timeshare developers and/or owners' associations who have bowed to Defendants' extortionate demands and taken the timeshare interest back through a deed in lieu of foreclosure and cancelling further contractual obligations.  At the bottom of the "Proof of Performance" list is a tab for "Other" to which is posted a letter from an attorney informing Defendants that upon the filing of the "signed deed properly notarized" by their clients, their "clients will owe no past, present, or future maintenance fees." *See* **Exhibit "K" and "L,"** respectively.

73.     To ensure that Defendants may retain the large upfront fees paid by their clients and to prevent the clients from requesting money back pursuant to the "100% money back guaranty," Defendants provide their clients with a copy of a recorded deed purporting to transfer the timeshare interests back to Plaintiffs or to an individual serving as a straw owner, as evidence that the matter has been resolved and the clients are relieved from their contractual obligations to Plaintiffs.  *See e.g.* **Exhibit "M,"** a letter from a Westgate Owner informing Plaintiffs to "[p]lease update [your] records that we are no longer owners with Westgate Resorts.  Please see included documentation showing the deed has been recorded out of our name."  Attached to the letter is a letter from Defendants congratulating the Westgate Owner and stating, "[s]ince you are no longer the owner, you are not responsible for future fees in connection with your timeshare." Defendants' representations, however, were false – Defendants did not

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

transfer lawful title and thus, the Westgate Owner was still the owner of the timeshare property.  These "deeds" are unlawful and of no force or effect in that they are unilateral and were never requested, authorized or approved by Plaintiffs.

74.     As part of Defendants' overall deceptive scheme, they solicit attorneys in Florida, such as the Young Law Firm, to record the deeds referenced above in Florida on Defendants or Defendants' clients' behalf.  These deeds purport to either transfer the timeshare interest back to Plaintiffs with Plaintiffs' consent, citing "$10.00" consideration paid by Defendants' client to Plaintiffs and Plaintiffs acknowledging the receipt thereof, but which was untrue because they were actually recorded unilaterally without Plaintiffs' knowledge, authorization or approval; or they purport to transfer title to a third party, a strawman, that never intends or intended to actually own the timeshare and never intends or intended to satisfy the payment and other obligations of ownership.  All of these actions were unbeknownst to the Westgate Owners.

75.     The Florida attorneys, such as the Young Law Firm, were induced to record the deeds on Defendants' or their clients' behalf based upon Defendants' representation that "the Timeshare Corporations had accepted the return transfer of ownership interest prior to [Sussman's] office requesting deeds to be drafted and recorded by [the Young Law Firm's] office."  *See* **Exhibit "N,"** letter dated April 11, 2017, from the Young Law Firm to Defendants' clients.  However, that was not true. The timeshare developers and associations, such as Plaintiffs, *neither requested nor approved nor accepted the return transfer of ownership*, and, importantly, *knew nothing about Sussman's scheme for timeshare owners to unilaterally deed timeshare*

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

***interests back to the timeshare developers.***   Upon being notified by Plaintiffs that Sussman was not telling the truth and that Plaintiffs did not authorize, approve or accept the return transfer of ownership, the Young Law Firm determined that it had an "ethical obligation" to inform Defendants' clients, on whose behalf the Young Law Firm acted, of the invalid deeds and the owners' continued liability for "assessments, fees, potential foreclosure costs, and attorney's fees."   *Id.*   Attached as **Exhibit "O,"** is a list of Westgate Owners with deeds filed by the Young Law Firm.

76.   At the time Defendants made the representations to the Young Law Firm regarding Plaintiffs' acceptance of the deed and the consideration paid for the transfer of title to the timeshare interests, Defendants knew the representations were false, as Defendants never asked for, nor received, any acknowledgment from Plaintiffs to transfer the deed, nor did Defendants provide the consideration recited to in the deed to Plaintiffs. These material misrepresentations were made with the intent that the Young Law Firm would rely on them to record the fraudulent deeds.

77.   As a result of the recording of these fraudulent deeds and providing a copy to the Westgate Owners, along with the false representations made by Defendants, that upon the recording of the deeds the Westgate Owners would be relieved from any liability for payments owed to Plaintiffs, the Westgate Owners were induced to continue breaching their contractual obligations to Plaintiffs causing continued harm to Plaintiffs.

78.   The fraudulent deeds, as described above, recorded by the Young Law Firm were not effective in relieving the owners' liability to pay the maintenance fees and

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

taxes to the Association Plaintiffs and payments due on the Notes to the Developer Plaintiffs.

79.     But for Defendants' false and deceptive advertising and representations, inducing the Westgate Owners to retain Defendants and pay Defendants the upfront fees with the false promise that Defendants would be able to get the Westgate Owners' contracts cancelled and have their debts forgiven, the Westgate Owners would not have sought to cancel their contractual obligations with Plaintiffs.

80.     Additionally, but for Defendants' recording of the fraudulent deeds and false representations, the Westgate Owners would not have continued to breach their contractual obligations with Plaintiffs.  *See e.g.*   **Exhibit "M,"** letter from former Westgate Owner relying on the recorded deed as basis for not paying Plaintiffs.

81.     Shortly after Defendants send their form letters to Plaintiffs, most, if not all, of the Westgate Owners, at the direction of Defendants, stopped paying their legitimate and enforceable contractual obligations to both the Developer Plaintiffs and Association Plaintiffs.  Attached as **Exhibit "P,"** is a list of Westgate Owners for whom Plaintiffs received the form letters from Defendants and who contemporaneously defaulted on their obligations to Plaintiffs.

82.     Defendants intentionally and unjustifiably interfered with Plaintiffs' contractual and advantageous business relationships with the Westgate Owners. Upon information and belief, Defendants, as a condition of representation, compel the Westgate Owners to terminate their contractual relationships without any valid grounds and without conducting any meaningful investigation to ascertain if there are, even

28

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

hypothetically, grounds to avoid the timeshare purchase contract. The timeshare owners relied upon Defendants' false assurance that there will be no liability because they are involved. Defendants' actions were aimed at causing harm to Plaintiffs in order to obtain a pecuniary benefit.

83.     After the Westgate Owners retain Defendants, Defendants would lull these Westgate Owners into thinking that the matter has been resolved and that the contract with Plaintiffs has been cancelled. Defendants would do this by, among other things, providing the Westgate Owners with a copy of the deed purporting to transfer the timeshare interest back to Plaintiffs or to a third party, straw owner. Defendants' actions gave the Westgate Owners the false assumption that they had been relieved of their contractual obligations.

84.     According to the false representations made by Defendants, the mere filing of the deed relieves the Westgate Owners of liability for payments owed to Plaintiffs. But that is not true.

85.     Even though these fraudulent advertisements and representations were directed at the Westgate Owners, the ultimate party injured by these false and misleading advertisements and misrepresentations are Plaintiffs, as the Westgate Owners' reliance on Defendants' misrepresentations and deception has resulted in the Westgate Owners breaching valid contractual agreements with Plaintiffs. The resultant harm to Plaintiffs was, by design, Defendants' ultimate intention.

86.     Plaintiffs have not engaged in any behavior which would justify the cancellation of any of the contractual obligations by the Westgate Owners nor have

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Plaintiffs engaged in any conduct which may be interpreted as Plaintiffs authorizing Defendants to record the deeds in Florida Public Records.

87.     As a direct and proximate result of Defendants' intentional and unjustified interference with Plaintiffs' contractual relationships with the Westgate Owners, Plaintiffs have been damaged.

88.     All conditions precedent to the filing of this action have been satisfied, waived, or have occurred.

89.     Plaintiffs have retained the law firm of Greenspoon Marder, P.A. to represent them in this action and are obligated to pay reasonable attorney's fees and costs incurred herein.

## COUNT I
## (TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS)

90.     Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 88 above as if more fully set forth herein.

91.     This is a cause of action for tortious interference with existing contracts and for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs, and is within this Court's jurisdiction.

92.     Plaintiffs have valid and legally enforceable contracts with the Westgate Owners of their timeshare units.

93.     Defendants have knowledge of those relationships.   The very fact that Plaintiffs have a contractual relationship with the Westgate Owners is the basis under which Defendants sought to establish a relationship with the Westgate Owners.

30

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

94.     Defendants sought to capitalize on Plaintiffs' contractual relationships with the Westgate Owners by soliciting the Westgate Owners through false and misleading advertising, fraudulently inducing them to pay large upfront fees to Defendants, and fraudulently inducing them to stop making payments to Plaintiffs pursuant to legally enforceable contracts.  To seal the deal and ensure the Westgate Owners not contact Defendants to request their money back pursuant to the 100% money back guarantee, Defendants secure the services of Florida attorneys such as the Young Law Firm, to record fraudulent deeds for Defendants, knowing that Plaintiffs will not accept the transfers in order to provide the Westgate Owners "Proof of Performance."

95.     Defendants' willful and fraudulent actions to induce parties with whom Plaintiffs have valid contractual agreements breach their agreements constitute intentional interference with existing contracts.

96.     Defendants have intentionally and without justification or privilege, and through fraudulent means, interfered with Plaintiffs' existing contracts by inducing Westgate Owners to immediately stop making any further payments under their contracts without any legal basis; and by inducing Florida attorneys to file fraudulent deeds on their and their clients' behalf to cause further breach of the existing contracts.

97.     Defendants' actions were not made in good faith, but were made for purely selfish and mercenary reasons so as to earn and retain the large pre-paid retainer fee without actually providing any meaningful services to the Westgate Owners and were with the knowledge and ultimate purpose to injure Plaintiffs or with reckless disregard for the attendant consequences naturally, directly, and proximately resulting from their

31

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

actions and without reasonable grounds for them to believe that their actions were justified and proper.

98.     As a direct and proximate result of Defendants' intentional misconduct, Westgate Owners have terminated, or have sought to terminate, their contractual relationship with Plaintiffs before the expiration of the terms of those contracts; and after termination, Defendants' conduct has resulted in the Westgate Owners' continued breach of their contractual obligation to Plaintiffs.

99.     Defendants did not have any justification or privilege in procuring the breach of such contracts.

100.     As a direct and proximate result of the foregoing, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants, MITCHELL REED SUSSMAN,  and MITCHELL REED SUSSMAN & ASSOCIATES, and request compensatory damages, special damages, interest, attorneys' fees and costs, punitive damages, and such additional and further relief this Court deems just and proper.

## COUNT II
### (TORTIOUS INTERFERENCE WITH
### ADVANTAGEOUS BUSINESS RELATIONSHIPS)

101.     Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 88 above as if more fully set forth herein.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

102.    This is a cause of action for tortious interference with advantageous business relationships and for damages in excess of $75,000.00, exclusive of interest, attorney's fees and costs, and is within this Court's jurisdiction.

103.    Plaintiffs not only have advantageous business relationships with the Westgate Owners pursuant to their contracts, but Plaintiffs also have real and legitimate business relationships with the Westgate Owners for future business.  Westgate Owners with existing contracts with Plaintiffs have equity interests which may be used as credits towards the purchase of an upgraded timeshare interest.  Examples of these upgrades include a larger unit, a more premium season or a change of resort location, all of which are advantageous business relationships.  Many of the Westgate Owners take advantage of these equity interests to upgrade their timeshare interests.

104.    Defendants have knowledge of these advantageous business relationships. The very fact that Plaintiffs have a business relationship with the Westgate Owners is the basis under which Defendants sought to establish a relationship with the Westgate Owners.

105.    Defendants sought to capitalize on Plaintiffs' business relationships with the Westgate Owners by soliciting the Westgate Owners through false and misleading advertising, fraudulently inducing them to pay large upfront fees to the Defendants, and fraudulently inducing them to stop making payments to Plaintiffs pursuant to legally enforceable contracts thereby terminating any current and future advantageous business relationships Plaintiffs have with the Westgate Owners.  To seal the deal and ensure the Westgate Owners not contact Defendants to request their money back pursuant to the

33

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

100% money back guarantee, Defendants secure the services of Florida attorneys such as the Young Law Firm to record fraudulent deeds for Defendants to provide the Westgate Owners as "Proof of Performance."

106.    Defendants' willful and fraudulent actions to induce parties with whom Plaintiffs have valid advantageous business relationships to terminate existing contractual agreements foreclose on any current and future advantageous business relationship Plaintiffs may have with the parties, and therefore, constitute intentional interference with existing advantageous business relationships.

107.    Defendants have intentionally and without justification or privilege, and through fraudulent means, interfered with Plaintiffs' existing and future advantageous business relationships by inducing Westgate Owners to immediately terminate any business relationships with Plaintiffs; and by inducing Florida attorneys to file fraudulent deeds on their and their clients' behalf with the false representation that the mere filing of the deed terminates the relationship, to further interfere with Plaintiffs' advantageous business relationships with the Westgate Owners.

108.    Defendants' actions were not made in good faith, but were made for purely selfish and mercenary reasons so as to earn and retain the large pre-paid retainer fee without actually providing any meaningful services to the Westgate Owners and were with the knowledge and ultimate purpose to injure Plaintiffs or with reckless disregard for the attendant consequences naturally, directly, and proximately resulting from their actions and without reasonable grounds for them to believe that their actions were justified and proper.

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

109.    As a direct and proximate result of Defendants' intentional misconduct, Westgate Owners have terminated, or have sought to terminate, their existing contracts with Plaintiffs and any advantageous business relationships with Plaintiffs; and after termination of the contracts and business relationships, Defendants' conduct has resulted in the Owners' continued breach of their contractual obligation to Plaintiffs and therefore, foreclosed on any future and continued advantageous business relationships Plaintiffs may have with the Westgate Owners.

110.    Defendants did not have any justification or privilege in procuring the breach of such business relationships.

111.    As a direct and proximate result of the foregoing, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs respectfully demand judgment in their favor and against Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, and request compensatory damages, special damages, interest, attorneys' fees and costs, punitive damages, and such additional and further relief this Court deems just and proper.

## COUNT III
## (VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. §501.201, et seq.)

112.    Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 88 above as if more fully set forth herein.

113.    This is a cause of action for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, *et seq.* ("FDUTPA"), against Defendants,

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

including unconscionable acts and practices and unfair and deceptive practices in the conduct of trade or commerce.

114.    Defendants are engaged in "trade or commerce" as defined by Section 501.203(8), Florida Statutes.

115.    Plaintiffs are "interested part[ies] or person[s]" as defined by Section 501.203(6), Florida Statutes.

116.    A temporary injunction is a viable form of relief in a FDUPTA claim such as this one.

### (i)      **False and Deceptive Advertising and Solicitation.**

a.      Plaintiffs have a clear legal right or interest in being free from Defendants' deceptive or unfair marketing and solicitations, as the false statements set forth above has demonstrated specific past and present grievances, and will result in future grievances if Defendants are not enjoined.

b.      Defendants have made deceptive, misleading, and unfair statements and are continuing to make deceptive, misleading, and unfair statements.

c.      Plaintiffs have a substantial likelihood of success on merits.

d.      Defendants have, through false and misleading advertisements, solicit Westgate Owners and then through false representations, induce them to retain Defendants.    Defendants are continuing to engage in the false and misleading advertisements and representations and therefore, there is a strong likelihood that Plaintiffs will suffer irreparable harm on an ongoing basis because any remedy at law for Defendants' perpetuation of the deceptive, fraudulent, and unfair marketing and

36

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

solicitation practices, is inadequate, as Defendants are continuing to engage in such illegal behavior.

      e.     An injunction serves the public interest.

      (ii) **Solicitation of Florida Attorneys to File Fraudulent Deeds.**

      a.     Plaintiffs have a clear legal right or interest in being free from Defendants' conduct in soliciting Florida attorneys through deceptive means for the purpose of filing fraudulent deeds and misrepresenting to the Westgate Owners regarding the same.

      b.     As stated above, these fraudulent deeds and Defendants' false representations regarding these deeds to the Westgate Owners have demonstrated past and present grievances, and will result in future grievances if Defendants are not enjoined.

      c.     Plaintiffs have a substantial likelihood of success on the merits.

      d.     Defendants have solicited Florida attorneys through deceptive means and have induced the Florida attorneys to file fraudulent deeds in the state of Florida to provide to their clients as Proof of Performance with the advice that the mere filing of such deeds are effective in relieving the Westgate Owners of their liability to Plaintiffs; and are continuing to solicit Florida attorneys to file fraudulent deeds on their behalf, are having Florida attorneys file fraudulent deeds in public records on Defendants' behalf, and are misrepresenting to the Westgate Owners regarding the same; and therefore, there is a strong likelihood that Plaintiffs will suffer irreparable harm on an ongoing basis because any remedy at law for Defendants' unfair, deceptive, and

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

fraudulent conduct is inadequate, as Defendants are continuing to engage in such unfair, deceptive and fraudulent behavior. *See* **Exhibit "Q,"** attorney Andre Young's email regarding Defendants' continued solicitation of Florida attorneys.

e.      An injunction serves the public interest.

117.    As set forth above, Defendants' conduct:

(i)  is likely to mislead and is deceptive;

(ii) is an "unfair practice" because among other things the false and deceptive marketing and misrepresentations made by Defendants to solicit and induce Westgate Owners to retain them and the filing of fraudulent deeds to use as "Proof of Performance" offend established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious.

118.    As set forth above, Defendants' conduct was and continues to be willful in that violations occurred and continue to occur even though Defendants know, knew or should have known that their conduct was unfair or deceptive or prohibited by law and caused the actual harm of which Plaintiffs complain.

**WHEREFORE,** Plaintiffs respectfully request this Court:

A.      Enter a preliminary injunction finding Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, engaged in false advertising and enjoining Defendants, their directors, officers, shareholders, attorneys, agents, servants, employees, and any other persons in active concert or participation with them be forthwith preliminarily and permanent enjoined from:

(i)  Engaging in false and misleading advertising;

38

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

(ii) Engaging in deceptive and unfair trade practices; and

(iii) Engaging Florida attorneys to file fraudulent deeds on their behalf;

B.      Enter a permanent injunction after trial in favor of Plaintiffs and enjoining Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, their directors, officers, shareholders, attorneys, agents, servants, employees, and any other persons in active concert or participation with them from:

(i)  Engaging in false and misleading advertising and representations;

(ii) Engaging in deceptive or unfair trade practices; and

(iii) Engaging Florida attorneys to file fraudulent deeds on their behalf;

C.      Enter an Order that Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, be required to deliver-up (take-down) and destroy all false, misleading, and deceptive material found on the their website and found in any marketing material or documentation Defendants produced or are using, and file in Florida Public Records, documentation sufficient to nullify the fraudulent deeds;

D.      Enter an Order that Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, be directed to file with this Court and serve on Plaintiffs within fifteen days after the service of an injunction a report, in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

39

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

E.      Enter an Order requiring Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, provide notice of the injunction by posting the Order on their website;

F.      Enter judgment for Plaintiffs on this claim against Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, declaring that each Defendant violated the Act;

G.       Enter judgment for actual damages for violation of the Act pursuant to Section 501.211(2), Fla. Stat., money damages, punitive damages, and an award of attorneys' fees and costs pursuant to Sections 501.211(2) and 501.2105, Fla. Stat.,

H.      Enter any and all other appropriate relief as the Court deems just and proper.

## COUNT IV
### (TEMPORARY AND PERMANENT INJUNCTIVE RELIEF)

119.    Plaintiffs reallege and reincorporate the allegations contained in paragraphs 1 through 88 above as if more fully set forth herein.

120.    This is a cause of action for temporary and permanent injunctive relief and is within this Court's jurisdiction.

121.    Defendants' solicitation of Westgate Owners using false and misleading advertising to induce them to pay large upfront retainer fees, their inducement of the Westgate Owners to immediately breach on their contractual obligations with Plaintiffs, and their filing of fraudulent deeds via the services of Florida attorneys, are harming

40

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Plaintiffs and constitutes tortious interference with Plaintiffs' existing contractual and advantageous business relationships.

122.    Defendants have engaged, continue to engage, and/or intend to further engage in unlawful and deceptive conduct.    Defendants continue to post false and deceptive information on their website, http://timesharelegalaction.com; and on various other websites such as https://www.youtube.com, https//www.facebook.com, and https://www.newswire.com.    Additionally, as evidenced by **Exhibit "Q,"** Defendants continue to solicit Florida attorneys to file fraudulent deeds on Defendants' behalf, and continue to misrepresent to their clients regarding the legal significance of these deeds, all designed to cause harm to Plaintiffs.

123.    Defendants' actions present an immediate threat of irreparable harm to Plaintiffs, and Plaintiffs will suffer irreparable harm if Defendants, and their agents, affiliated companies or entities, representatives and employees, are not enjoined from this conduct.

124.    The threat of irreparable harm is continuing because Defendants currently engage in an ongoing business whereby they solicit Westgate Owners using the false and misleading advertising outlined above; convince the Westgate Owners to immediately stop paying all mortgage, maintenance, and tax payments associated with their timeshares, regardless of whether any valid legal basis exists for the cancellation; and solicit Florida attorneys through deceptive means to file fraudulent deeds in Florida Public Records to induce further breach by the Owners.    Defendants' conduct are continuing and ongoing.

41

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

125.    Defendants' fraudulent and deceptive actions are causing an ongoing and threatened interference with Plaintiffs' contractual and advantageous business relationships, which fit within the exception for the strict requirement of no adequate remedy at law.  Additionally, the remedies available at law are inadequate to address the harm Plaintiffs will suffer if Defendants are permitted to continue with this activity. Plaintiffs will have imminently thousands of dollars in delinquent mortgage, maintenance and tax payments owed to them and will be forced to expend monies foreclosing on the timeshares to recoup these monies to no end as Defendants refuse to cease and desist from this tortious conduct.  Furthermore, Section 501.211(2), Florida Statutes, authorizes injunctions as a form of relief in situations such as this.

126.    There is a substantial likelihood that Plaintiffs will prevail on the merits of their claims against Defendants.

127.    The injury and potential harm caused by Defendants' intentional inference with Plaintiffs' contractual and advantageous business relationships outweigh the harm, if any, that an injunction would cause to Defendants.

128.    The issuance of the requested injunction will serve the public interest by protecting Plaintiffs' legitimate business interests and their timeshare owners, and by restraining the disruptive and tortious actions committed by Defendants.

**WHEREFORE**, Plaintiffs demand a temporary and permanent injunction be entered against Defendants, MITCHELL REED SUSSMAN, and MITCHELL REED SUSSMAN & ASSOCIATES, and their agents, representatives, employees, affiliates, and any others acting in concert or participating with Defendants and prohibiting

42

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Defendants from: (1) publishing false and misleading misrepresentations on their website or in any other electronic or print media or materials regarding Plaintiffs' owners' cancellation of their timeshare interest without any legal basis; (2) contacting and/or otherwise interfering with Plaintiffs' contractual and business relationships with their owners; and (3) recording or soliciting attorneys to record the fraudulent deeds.  Plaintiffs further seek an award of monetary damages as well their costs and attorney's fees pursuant to Sections 501.211(2) and 501.2105, Florida Statutes, authorizing for remedies at law in addition to equitable relief as provided for pursuant to Section 501.211(1), Florida Statutes, and for all other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2017, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, and will be placed with FedEx on August 19, 2017 for service by overnight delivery upon the following:  Mitchell Reed Sussman & Associates, 1053 South Palm Canyon Drive, Palm Springs, CA  92264.

_____
RICHARD W. EPSTEIN
(Trial Counsel)
Florida Bar No. 229091
MICHAEL E. MARDER
Florida Bar No. 251887
JEFFREY BACKMAN
Florida Bar No. 662501
THU PHAM
Florida Bar No. 106586
GREENSPOON MARDER, P.A.
201 East Pine St, Suite 500

43

*Westgate Resorts, Ltd., et. al. vs.*
*Mitchell Reed Sussman, et al.*
Complaint for Damages and Injunctive Relief

Orlando, Florida 32801
Telephone:      (407) 425-6559
Facsimile:      (407) 209-3152
Jeffrey.Backman@gmlaw.com
Khia.Joseph@gmlaw.com
Thu.Pham@gmlaw.com
Karen.Leigh@gmlaw.com
Richard.Epstein@gmlaw.com
Michael.Marder@gmlaw.com
Trisha.Snyder@gmlaw.com