UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD. et al.,

    Plaintiffs,

v.                                                                                         Case No. 6:17-cv-1467-Orl-37DCI

MITCHELL REED SUSSMAN; and
MITCHELL REED SUSSMAN &
ASSOCIATES,

    Defendants.
_____

**ORDER**

In the instant diversity action, Defendants move to dismiss Plaintiffs' Amended Complaint (Doc. 7) for failure to state a claim. (Doc. 24 ("**Motion**").) Plaintiffs opposed (Doc. 35), and the matter is now ripe for review. For the following reasons, the Court finds that the Motion is due to be granted in part and denied in part.

## I.    BACKGROUND

This action centers on a dispute between a timeshare company and its affiliates and a law firm that specializes in dissolving ownership contracts between timeshare companies and timeshare owners. (Doc. 7, ¶¶ 47–59.) Plaintiffs develop and maintain timeshare resort properties throughout the United States, with thirteen in Florida. (*Id.* ¶¶ 47–48.) Defendant Mitchell Reed Sussman is a California-based attorney doing business as co-Defendant Mitchell Reed Sussman & Associates (collectively, ("**Defendants**")). (*Id.* ¶¶ 39–40; Doc. 24, p. 3.) Defendants' practice focuses on ridding timeshare owners of

their ownership contracts, and Plaintiffs allege that Defendants use misrepresentation, false advertising, and deceptive practices to do so. (Doc. 7, ¶¶ 52–59.)

To that end, Plaintiffs bring four state-law claims against Defendants: (1) tortious interference with existing contracts ("**Count One**"); (2) tortious interference with business relations ("**Count Two**"); (3) violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("**FDUTPA**") ("**Count Three**"); and (4) temporary and permanent injunctive relief ("**Count Four**"). (*Id.* ¶¶ 90–128.) In response, Defendants moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 24.) The matter is now ripe for adjudication.

## II. LEGAL STANDARDS

Under the minimum pleading requirements of the Federal Rules of Civil Procedure, plaintiffs must provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), 8(d), & 10(b). If a complaint does not comport with these minimum pleading requirements, if it is plainly barred, or if it otherwise fails to set forth a plausible claim, then it is subject to dismissal under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Plausible claims must be founded on sufficient "factual content" to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 679. In assessing the sufficiency of factual content and the plausibility of a claim, courts draw on their "judicial experience and common sense" in considering: (1) the exhibits attached to the complaint; (2) matters that are subject to

judicial notice; and (3) documents that are undisputed and central to a plaintiff's claim. *See id.*; *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012); *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1271 (M.D. Fla. 2016). Courts do not consider other matters outside the four corners of the complaint, and they must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. *See Hayes v. U.S. Bank Nat'l Ass'n*, 648 F. App'x 883, 887 (11th Cir. 2016);[1] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

### III. ANALYSIS

#### A. Tortious Interference with Contract

Plaintiffs' first claim is for tortious interference with existing contracts. (*See* Doc. 7, ¶¶ 90–100.) This tort occurs under Florida law when: (1) a contract exists; (2) a third party has knowledge of the contract; (3) the third party intentionally interferes with a party's rights under the contract; (4) there is no justification or privilege for the interference; and (5) damages result. *Mariscotti v. Merco Grp. At Akoya, Inc.*, 917 So. 2d 890, 892 (Fla. 3d DCA 2005). For the interference to be unjustified, the interfering defendant must be a third party. *See Abruzzo v. Haller*, 603 So. 2d 1338, 1339–40 (Fla. 1st DCA 1992). Defendants move to dismiss this claim for three reasons: (1) by claiming they merely assisted, rather

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007)

than induced, the owners in getting rid of their timeshares; (2) by asserting that they acted as agents to the contract, so were not strangers; and (3) by relying on their status as attorneys to escape liability. (Doc. 24, pp. 8–11.) Plaintiffs counter that they have alleged all essential elements and that Defendants' defenses go towards the merits of their claim. (Doc. 32, pp. 9–13.)

On review of the Amended Complaint, the Court finds that Plaintiffs have sufficiently alleged that Defendants tortiously interfered with their contracts with the timeshare owners. (*See* Doc. 7, ¶¶ 90–100.) Specifically, the Amended Complaint alleges that before Defendants even represented any timeshare owners, they advertised and corresponded with owners to entice them to breach their contracts. (*See id.* ¶¶ 53–67.) The Amended Complaint also alleges that such actions amounted to more than assistance, but actually "induce[d]" owners to breach. (*Id.* ¶ 54.) And the Amended Complaint alleges that Defendants' conduct was not privileged by its status as an attorney because Defendants were "aware that the [timeshare] owners ha[d] no valid grounds to terminate their contractual relationships," but still "ma[d]e false statements and/or allegations against Plaintiffs." (*Id.* ¶ 71; *see also id.* ¶¶ 73, 82.) With this, if Plaintiffs can prove these allegations, Defendants would be liable on these grounds. Therefore, the Motion is due to be denied as to Count One.

B.   **Tortious Interference with Advantageous Business Relationships**

In their second claim, Plaintiffs contend that Defendants interfered with the business relationships between themselves and the timeshare owners. (*Id.* ¶¶ 101–111.) This tort occurs under Florida law when: (1) a business relationship exists, even if not

evinced in a formal written agreement; (2) the defendant knew of the relationship; (3) the defendant intentionally and unjustifiably interfered with the relationship; and (4) plaintiff suffered damages as a result of the breach of the relationship. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994); *see also Int'l Sales & Servs. Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). Defendants reassert the same grounds for dismissal as Count One and also argue that Plaintiffs have not alleged a non-speculative business transaction that would have occurred absent Defendants' conduct. (Doc. 24, pp. 12–14.) Plaintiffs state that the Amended Complaint's allegations suffice. (Doc. 35, pp. 15–16.) The Court agrees with Plaintiffs.

The Amended Complaint alleges that Plaintiffs have an advantageous business relationship with timeshare owners based not only on their contracts, but also for future business relationships because owning timeshares builds equity interests that may be used as credits for additional purchases. (Doc. 7, ¶ 103.) These allegations are not merely speculative, but point to plausible business relationships between Plaintiffs and the timeshare owners that were infringed by Defendants' conduct. *Cf. Am. Debt Counseling, Inc. v. Exclaim Mtkg., LLC*, No. 12-62205-CIV-Dimitrouleas/Snow, 2013 WL 12092097, at *2–3 (S.D. Fla. May 17, 2013). Furthermore, by inducing these owners to terminate their contracts, the Amended Complaint alleges that Defendants intentionally and unjustifiably interfered with Plaintiffs current and future business relationships with the timeshare owners. (*Id.* ¶ 106–107.) And the Amended Complaint alleges that Defendants' actions were not done in good faith and lacked any justification of privilege. *Id.* ¶¶ 107–111.) Taken together, Plaintiffs have stated a plausible claim that Defendants interfered

with their ongoing and future business relationships. Count Two therefore suffices.

**C.     FDUTPA**

In Count Three, Plaintiffs claim that Defendants conduct violates FDUTPA in several ways, and seek injunctive relief accordingly. (Doc. 7, ¶¶ 112–118.) FDUTPA declares unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Sta. § 501.204(1). A FDUTPA claim for damages has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA 2015).

Defendants dispute Plaintiffs' ability to bring this claim, contending that even if they engaged in deceptive practices, such practices would have injured only the timeshare owners, not Plaintiffs. (Doc. 24, pp. 15–16.) Defendants also argue that: (1) Plaintiffs are not competing against them, (2) Plaintiffs lack standing as out-of-state entities; and (3) that Defendants' conduct does not constitute trade or commerce. (*Id.* at 16–20.) In response, Plaintiffs point out that FDUTPA's broad framework covers their allegations, and extends to attorney conduct when attorneys are engaged in trade or commerce. (Doc. 35, pp. 16–21.) Plaintiffs are correct.

As alleged in the Amended Complaint, Defendants engaged in unfair and deceptive practices in trade or commerce by: (1) producing false and misleading advertisements; and (2) soliciting Florida attorneys to file fraudulent deeds. (Doc. 7, ¶ 116.) Such conduct implicates FDUTPA, and Plaintiffs, as either "consumers" or "persons," may bring this claim. *See Caribbean Cruise*, 169 So.3d at 166–69; *see also* Fla. Stat.

501.203(8) (including advertising and soliciting in the definition for "trade or commerce"). Indeed, reasonable consumers viewing Defendants' advertisements could be misled into breaching their timeshare contracts before Defendants decide to represent them. (*See* Doc. 7, ¶¶ 54, 55, 57.) And Florida attorneys, on Defendants' instructions, could be induced into recording false deeds. (*Id.* ¶¶ 75–76.) Lastly, Plaintiffs, as alleged, are citizens of Florida in this diversity action and have direct ties to Florida, so Defendants' argument to the contrary is erroneous. (*Id.* ¶¶ 1–38.)

### D. Injunctive Relief

Plaintiffs' final claim is for temporary and permanent injunctive relief. (*Id.* ¶¶ 119–28.) To the extent that Plaintiffs are seeking a preliminary injunction, such a request is procedurally improper. Under Rule 65 and Local Rules 4.05 and 4.06, requests for preliminary injunction must be made through a motion that addresses the prerequisites for that relief. *See, e.g.*, *Am. Debt Counseling*, 2013 WL 12092097 at *4 (citing *Gunder's Auto Center v. State Farm Ins.*, 617 F. Supp. 2d 1222, 1225 (M.D. Fla. 2009)). Therefore, the Court will dismiss the portion of Count Four that seeks a preliminary injunction.

On the other hand, Count Four suffices for Plaintiffs' permanent injunction claim. Under Florida law, Plaintiffs must allege these elements for injunctive relief: (1) irreparable injury; (2) a clear legal right; (3) lack of an adequate remedy at law; and (4) that the injunction would not be contrary to the public's interests. *See Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1092 (Fla. 3d DCA 2014). Injunctive relief may be sought for FDUTPA claims and for tortious interference with contracts and business relationships claims. *See* Fla. Stat. 501.211(1); *Murtagh v. Hurley*, 40 So. 3d 62, 67 (Fla. 2d

DCA 2010); *Global Tel\*Link Corp. v. Scott*, 652 F. Supp. 2d 1240, 1248–49 (M.D. Fla. 2009). Count Four alleges that Plaintiffs are entitled to injunctive relief based on Defendants' ongoing conduct, both advertising and solicitation, which poses an immediate threat of irreparable harm that cannot otherwise be remedied. (Doc. 7, ¶¶ 119–28.) Count Four thus adequately alleges the elements for permanent injunctive relief.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Amended Complaint (Doc. 24) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Court **DISMISSES WITHOUT PREJUDICE** Count Four to the extent it seeks a preliminary injunction.

    b. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 11, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record