**IN THE UNITED STATES DISTRICT COURT OF
THE MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)**

WESTGATE RESORTS, LTD., a Florida limited partnership, by and through its general partner WESTGATE RESORTS, INC., a Florida corporation, WESTGATE VACATION VILLAS, LLC, a Florida limited liability company, WESTGATE LAKES, LLC, a Florida limited liability company, WESTGATE BLUE TREE ORLANDO, LTD., a Texas limited partnership, by and through its general partner BLUE TREE LBV, LLC, a Florida limited liability company, WESTGATE GV AT THE WOODS, LLC, a Florida limited liability company, WESTGATE TOWERS, LLC, a Florida limited liability company, WESTGATE FLAMINGO BAY, LLC, a Florida limited liability company, WESTGATE MYRTLE BEACH, LLC, a Florida limited liability company, WESTGATE PALACE, LLC, a Florida limited liability company, WESTGATE RVS ORLANDO, LLC, a Florida limited liability company, WESTGATE VACATION VILLAS OWNERS ASSOCIATION, INC., a Florida corporation, CLUB ORLANDO VACATION RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE LAKES OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWN CENTER OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE TOWERS NORTH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE BLUE TREE RESORT OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE PALACE OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SOUTH BEACH OWNERS ASSOCIATION, INC., a Florida corporation, WESTGATE SMOKY MOUNTAIN RESORT AT GATLINBURG, OWNERS ASSOCIATION, INC., a Tennessee corporation, WESTGATE FLAMINGO BAY, LAS VEGAS OWNERS ASSOCIATION, INC., a Nevada corporation, WESTGATE HISTORIC WILLIAMSBURG, OWNERS ASSOCIATION, INC., a Virginia corporation, WESTGATE PARK CITY RESORT & SPA, OWNERS ASSOCIATION, INC., a Utah corporation, RVS-ORLANDO II CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE MYRTLE BEACH

CASE NO.: 6:17-CV-1467-GKS-DCI

1

OCEAN FRONT OWNERS ASSOCIATION, INC., a South Carolina corporation, CEDAR RIDGE AT THE WOODS CONDOMINIUM OWNERS ASSOCIATION, INC., a Missouri corporation, WESTGATE BRANSON WOODS OWNERS ASSOCIATION, INC., a Missouri corporation, GRAND VISTA AT EMERALD POINT CONDOMINIUM OWNER'S ASSOCIATION, INC., a Missouri corporation, PAINTED MOUNTAIN GOLF VILLAS CONDOMINIUM ASSOCIATION, INC., an Arizona corporation, CENTRAL FLORIDA INVESTMENTS, INC., a Florida corporation, BLUE TREE RESORT AT LAKE BUENA VISTA CONDOMINIUM ASSOCIATION, INC., a Florida corporation, WESTGATE GV AT EMERALD POINTE, LLC, a Florida limited liability company, WESTGATE GV AT PAINTED MOUNTAIN, LLC, a Florida limited liability company, LOGGER'S POINTE AT THE WOODS CONDOMINIUM PROPERTY OWNERS' ASSOCIATION, INC., a Missouri corporation, WESTGATE LAS VEGAS RESORT, LLC, a Delaware limited liability company, WESTGATE LAS VEGAS RESORT OWNERS ASSOCIATION, INC., a Nevada corporation RVS-ORLANDO A CONDOMINIUM ASSOCIATION, INC., a Florida corporation, and WESTGATE SOUTH BEACH, LLC, a Florida limited liability company,

       Plaintiffs,

vs.

MITCHELL REED SUSSMAN, an individual, and MITCHELL REED SUSSMAN & ASSOCIATES, a Law Firm,

       Defendant.

## DECLARATION OF DEFENDANT IN SUPPORT OF DEFENDANT'S MOTION TO FOR SUMMARY JUDGMENT

I, *MITCHELL REED SUSSMAN*, declare as follows:

1. I am the defendant in the above – entitled action and have personal knowledge of each matter stated herein and am competent to testify as to each matter set forth hereinafter.

2. I am an attorney at law duly licensed by the state of California since 1977.

3. My law practice is devoted to civil litigation, real estate, business litigation, bankruptcy and intellectual property.

4. In the past 10 years, as part of my real estate practice, I have assisted thousands of timeshare owners no longer interested in being burdened by the financial obligations associated with their timeshare.

5. In that time I have filed multiple lawsuits against the major timeshare developers in the Riverside County Superior Court, State of California. These lawsuits include the following: Bertha Alonso v. Promotora Sunset Beach Clubs, LLC, Maria Carbajal v. Diamond Resorts Hawaii Resorts Collection, Frank Garrett et. al. v. Diamond Resorts U.S. Collection, Ricky Nathan Ruybalid et. al. v. Diamond Resorts U.S. Collection, Richard Gause et. al. v. Diamond Resorts U. S. Collection, Stephen Campbell v. Marriott Ownership Resorts, Luis C. Renner et. al. v. Bluegreen Vacations Unlimited, Stephen Scott et. al. v. Worldmark et. al., Chad Mower et. al. v. Worlmark et. al., Christian Rivera et. al. v. Wyndham et. al. and Jill Adelman et. al. v. Wyndham et. al.

6. As a result of the lawsuits and the threat of such legal action, I have been able to secure not only the release of future timeshare obligations but the return of hundreds of thousands of dollars to timeshare owners suffering under the weight of their timeshare's financial obligations. ( A sampling of the settlement agreements which resulted in cancellation and return of money to my timeshare clients is attached hereto as Exhibit "A" and made a part hereof.)

7. In addition to securing a return of money for timeshare clients, I have negotiated thousands of releases for timeshare client's no longer interested in being burdened by the financial obligations associated with their timeshares, including Westgate. (A sampling of the such releases are attached hereto as Exhibit "B" and made a part hereof.)

8. In addition to obtaining releases from virtually every major timeshare developer, including Westgate, I have been able to secure cancellation of timeshare interests by deeding the

properties back to developers, including the plaintiffs.

9. In the last five years alone I have handled approximately ten thousand (10,000) files. (Spreadsheets of these files, with the personal information of the client and the client name redacted, are attached hereto as Exhibit "C" and made a part hereof.)

10. I have also consulted with and guided my client through the maze of take back procedures that timeshares utilize when the client ceases making payments. These take back procedures take the form of simple cancellation letters and foreclosure proceedings in which the timeshare developer takes back the timeshare in satisfaction of the debt through in rem procedures. Such procedures are not only confusing to the lay person, but scary.

11. My fee for these services begins at $950, which according to a recent canvassing of my competitors, is the lowest fixed fee in the United States. (A true and correct copy of a redacted retainer showing the fixed fee of $950 is attached hereto as Exhibit "D" and made a part hereof.)

12. As part of my practice of law I am listed on attorney directory websites such as lawyers.com, lawyer.com, avvo.com, nolo.com and the like.

13. I also own and operate the website www.timesharelegalaction.com ("website"), have a Facebook page and have written articles on the subject of timeshares as well as been featured on a YOUTUBE production of the show "Real Estate Today" in which I have discussed a variety of real estate issues, including timeshare.

14. I do no television, radio or print advertising for my timeshare practice.

15. In addition, I buy no leads, do no mailings, no telemarketing, and make no in – home presentations or attend trade shows.

16. In compliance with the Florida rules of Professional Conduct 4-7.18 I do not "solicit" timeshare clients in Florida or anywhere else including contacting in person, by telephone, telegraph, or facsimile, or by other communication directed to a specific recipient and includes any written form of communication, including any electronic mail

communication, directed to a specific recipient.

17. All the timeshare work that comes my way is as a result of word of mouth or persons finding me by doing a search on the internet for a "timeshare attorney" or searches of similar import.

18. My website has an intake form which allows timeshare owners interested in seeking my legal assistance to input their personal information.

19. When called by a timeshare owner seeking to rid themselves of their timeshare, the very first thing that I do is ask the timeshare owner if they have contacted their timeshare developer to see if the developer is willing to voluntarily take back the timeshare. This is my practice in all cases, including as it relates to plaintiffs.

20. Only after the prospective client has indicated that they have tried and been unable to secure and/or negotiate a take back of the timeshare or settlement of their debt themselves, will I take their case.

21. Only when a potential client affirmatively states that they have first attempted to work directly with their timeshare to resolve their issues and either indicates that they are financial unable to continue to pay on the timeshare, feel that they have been defrauded or have health issues which prevent them from traveling, will I take their case.

22. At no time do I instruct a potential timeshare client that they must "immediately stop paying" on their timeshare obligations.

23. Once the client retains me, I instruct one of my staff members to write a letter to the timeshare requesting that they take back the property. (An example of such a letter is attached hereto as Exhibit "E" and made a part hereof.)

24. I have successfully worked with timeshare developers like, Wyndham, Worldmark, Shell, Welk, Marriott and others in negotiating take backs and return of client timeshares.

25. I have been able to secure the cancellation of timeshare interests by deeding the properties

back to the developer.

26. In the case of Westgate and its affiliated companies it is a very rare occasion that they will willingly take back the timeshare.

27. Moreover, I have no knowledge of any program by Westgate and its affiliated companies that would allow an owner to return the timeshare.

28. When Westgate refuses to take back their timeshare and/or refuses to respond to one of my letters requesting a take back or return of the timeshare, I instruct attorneys in the states in which the timeshares are located to prepare deeds back to the timeshare.

29. In the state of Florida, I have hired a number of such attorneys to prepare deeds back to the timeshare, including the Young Law firm.

30. The reason that I hire local Florida attorneys, is that I do not wish to run afoul of the rules and regulations of the Florida Bar Association and the practice of hiring local attorneys was pursuant to the advice and recommendation of the Florida Bar.

31. Before I embarked on this process of deeding back the timeshares I investigated the law on the subject and found the case of Smith v. Owens, 1926, 91 Fla. 995, 108 So. 891 and Riehl v. Bennett 142 So.2d 761 (1962).

32. It is my good faith belief that the above Florida case law holds that the practice of deeding back real estate is not only lawful but a legal means of extricating my clients from deeded timeshare ownership when the plaintiff/grantee fails to record a renunciation after receiving notice of the deed back.

33. As part of my timeshare practice I have a policy of 100% client satisfaction or their money back. (Samples of such refunds are attached hereto and incorporate herein by reference as Exhibit "F" and made a part hereof )

34. To this date, should any of plaintiffs' timeshare owners feel that they are not satisfied with the work that was performed, I will stipulate that they can have a full and complete refund.

35. Moreover, as of the date of this declaration I am not aware of a single timeshare owner of the plaintiffs that has signed my retainer, paid me a fee, and requested a refund in writing or otherwise.

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States in Palm Springs, California on May 12, 2018.

_____
Mitchell Reed Sussman

## CERTIFICATE OF SERVICE

I, Michael McGirney, hereby certify that a true and correct copy of the foregoing was served this 15th day of May, 2018, by e-filing with the Clerk of the Court using the CM/ECF Portal, and will provide a copy to the following parties of record:

>Richard W. Epstein, Esquire
>Michael E. Marder, Esquire
>Jeffrey Backman, Esquire
>Thu Pham, Esquire
>Greenspoon Marder, PA
>201 East Pine Street, suite 500
>Orlando, FL  32801

>/s/*Michael McGirney*
>Michael McGirney, Esq.
>Attorney for Defendant