# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WESTGATE RESORTS, LTD. et al.,**

        **Plaintiffs,**

**v.**                            **Case No:  6:17-cv-1467-Orl-37DCI**

**MITCHELL REED SUSSMAN and**
**MITCHELL REED SUSSMAN &**
**ASSOCIATES,**

        **Defendants.**

_____

# ORDER

This cause comes before the Court for consideration following oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS FOR REFUSAL TO COMPLY WITH DISCOVERY ORDER [DE 60] AND TO OVERRULE SPURIOUS CLAIMS OF PRIVILEGE AND COMPEL PRODUCTION FROM DEFENDANTS (Doc. 71)** |
| **FILED:** | **September 7, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

On September 7, 2018, Plaintiffs filed a motion for discovery sanctions and to overrule Defendants' claims of privilege (the Motion).  Doc. 71.  On September 24, 2018, Defendants filed an untimely response to the Motion.  Doc. 75.  On September 26, 2018, the Court held a hearing on the Motion and heard arguments of counsel.  *See* Docs. 73; 77.

For the reasons stated on the record, the Court finds that the Motion is due to be granted to the extent it seeks an order compelling Defendants to comply with this Court's Prior Order (Doc. 60) and to the extent it seeks reasonable expenses, including attorney fees, pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).[1]   The Court does not find that additional sanctions are appropriate at this time.

In addition, the Court finds, for the reasons stated on the record, that Defendants' claims of privilege as they pertain to documents listed on the privilege log as being sent to third parties (such as Plaintiffs) are due to be overruled.  The Court also finds that any claims of privilege that Defendants have not raised via the privilege log as of the date of this Order, with respect responses compelled by to the Court's Prior Order, have been waived.  But the Court does not find, based upon the record before it, that Defendants' remaining claims of privilege as asserted in the privilege log should be overruled at this time.

Accordingly, it is **ORDERED** that the Motion (Doc. 71) is **GRANTED in part**.  On or before **October 1, 2018**, Defendants shall comply with the Court's Prior Order (Doc. 60). Defendants' claims of privilege within the privilege log as they pertain to documents that were sent to third parties (such as Plaintiffs) are **OVERRULED**, and any claims of privilege that Defendants have not raised via the privilege log as of the date of this Order, with respect responses compelled by to the Court's Prior Order, are deemed **WAIVED**.  In addition, Plaintiffs are entitled to their reasonable expenses, including attorney fees, incurred in making this Motion.  The Motion (Doc. 71) is **DENIED without prejudice** as to Plaintiffs' request that the Court overrule

---

[1] The Court notes that Plaintiffs also request attorney fees pursuant to Rule 37(a)(5)(A), but the Court need not address this request given that the Court is awarding attorney fees pursuant to Rule 37(b)(2)(C).

Defendants' remaining claims of privilege in the privilege log.  The Motion (Doc. 71.) is otherwise **DENIED**.

With regard to Plaintiffs' reasonable expenses incurred in making the Motion, if the parties cannot agree on an amount of attorney fees, then Plaintiffs may file a motion to determine the amount of attorney fees, so long as the motion fully complies with Local Rule 3.01(g).

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties