UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD. et al.,

     Plaintiffs,

v.                                   Case No. 6:17-cv-1467-Orl-37DCI

MITCHELL REED SUSSMAN; and
MITCHELL REED SUSSMAN &
ASSOCIATES,

     Defendants.

_____

## ORDER

Before the Court is Defendants' Rule 72(a) objection to U.S. Magistrate Judge Daniel C. Irick's discovery order dated September 26, 2018. (Doc. 83 ("**Objection**").) Plaintiffs' responded. (Doc. 87.) On review, the Court overrules the Objection.

## I.    BACKGROUND

In this ongoing litigation circus, Plaintiffs filed a motion for discovery sanctions following Defendants' refusal to produce items compelled and to overrule "spurious" claims of privilege. (Doc. 71 ("**Motion**").) Following a **Hearing** (Docs. 77, 78), Magistrate Judge Irick granted the Motion in part, ordering Defendants to: (1) comply with his previous order (Doc. 60); (2) produce documents from Defendants' privilege log related to third parties, as Defendants' privilege objections were overruled; and (3) produce documents where Defendants waived their claims of privilege. (Doc. 80.)

Thereafter, Defendants served another round of supplemental discovery

responses and objections to Plaintiff's first request for production. (Doc. 83-2.) In it, Defendants renewed their position that the exit companies Defendants represent are privileged—which Magistrate Judge Irick had previously overruled. (*See id.*; *see* Doc. 80.) Defendants' Objection now attempts to flesh out their position—they cannot comply with Judge Irick's Order until they have exhausted their appellate rights because such information would violate Rule 4-1.6 of the Florida Bar. (*See* Doc. 83.) With Plaintiffs' response (Doc. 87), the matter is ripe.

## II.    LEGAL STANDARD

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(a). A non-dispositive matter is one that does not dispose of any party's claim or defense. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir.2007). If a proper objection is made, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Howard v. Hartford Life & Acc. Ins. Co.*, 769 F. Supp. 2d 1366, 1372 (M.D. Fla. 2011) (noting that under Rule 72(a), "in order to prevail, [the party who makes the objection] must establish that the order is clearly erroneous or contrary to law."); *Ray v. Cutter Labs., Div. of Miles, Inc.*, 746 F. Supp. 86, 87 (M.D. Fla. 1990) ("[I]t is proper to apply the clearly erroneous standard when reviewing a magistrate's order."). A finding is clearly erroneous "when although there is evidence [in the record] to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, (1948).

A finding is considered contrary to law if it does not apply or misapplies the relevant statutes, case law, or rules of procedure. *Tompkins v. R .J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

### III. DISCUSSION

On review, the Objection is due to be overruled. As Magistrate Judge Irick found at the Hearing, Defendants failed to meet their burden to establish the attorney-client privilege over these items. (*See* Doc. 78.) There, Counsel for Defendants was unable to point to any entry in the privilege log that constituted a protected communication; most entries were communications from Defendants to Plaintiffs. The Objection similarly fails to point to any such entry or provide *any* authority for their out of left field reading of Rule 4-1.6. Thus, Defendants' contention that Magistrate Judge Irick committed clear error in requiring them to produce this information is absolutely meritless and clearly another stall tactic. The Objection is overruled.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Notice of Objections to and Appeal of Magistrate's Order (DE # 80) Granting in Part Plaintiffs' Motion Compeling [sic] Production from Defendants (Doc. 83) is **OVERRULED**.

2.  Defendants are **DIRECTED TO IMMEDIATELY PRODUCE** any outstanding discovery pursuant to Magistrate Judge Irick's Order (Doc. 80).

3.  On or before Wednesday, **December 5, 2018**, Defendants are **DIRECTED TO CERTIFY** their compliance with this Order by filing a written notice of

compliance.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 4, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record