# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WESTGATE RESORTS, LTD., et al.,**

      **Plaintiffs,**

**v.**                                    **Case No:  6:17-cv-1467-Orl-37DCI**

**MITCHELL REED SUSSMAN and**
**MITCHELL REED SUSSMAN &**
**ASSOCIATES,**

      **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR ENTRY OF AGREED PRELIMINARY INJUNCTION (Doc. 192)** |
| **FILED:** | **February 7, 2019** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

On February 7, 2019, the parties filed a joint motion for entry of an agreed preliminary injunction.  Doc. 192.  The parties attached the proposed preliminary injunction to the Motion.  Doc. 192-1.

To obtain a preliminary injunction, the movant must sufficiently establish that (1) "it has a substantial likelihood of success on the merits"; (2) "irreparable injury will be suffered unless the injunction issues"; (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party"; and (4) "the injunction would not be adverse

to the public interest." *Forsyth Cty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)).  Here, the parties agree that "Plaintiffs could prove the elements necessary to obtain preliminary injunctive relief."[1] Doc. 192 at 1-2.  Therefore, the undersigned finds that Plaintiffs have sufficiently established the elements necessary for the entry of a preliminary injunction.

However, the undersigned finds that the proposed preliminary injunction is overbroad to the extent it could be read to enjoin the independent actions of non-parties to this case.  The Court should not enjoin the independent actions of non-parties based upon the agreement of the parties here.  So, to clarify this limitation within the preliminary injunction, the Court should add a provision containing limiting language to the preliminary injunction, such as:  This preliminary injunction applies to Defendants and to any of Defendants' agents (including independent contractors and local counsel) to the extent those persons are acting as agents – or otherwise at the direction – of Defendants.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 192) be **GRANTED in part** to the extent that the Court enter the proposed preliminary injunction (Doc. 192-1), but that the Court should also add limiting language to the scope of the preliminary injunction as set forth in this Report.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] The parties note, however, that "Defendants did not admit any of the underlying facts for any other purpose."  Doc. 192 at 1-2.

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.

      Recommended in Orlando, Florida on February 11, 2019.


DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy