UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD. et al.,

    Plaintiffs,

v.                                                         Case No. 6:17-cv-1467-Orl-37DCI

MITCHELL REED SUSSMAN; and
MITCHELL REED SUSSMAN &
ASSOCIATES,

    Defendants.
_____

### ORDER

Before the Court is the parties' joint motion for entry of an agreed preliminary injunction (Doc. 192 ("**Motion**")) and U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation that the Court grant the Motion in part (Doc. 193 ("**R&R**")). Because the parties filed notices of no objection to the R&R (Docs. 195, 197), the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the Court concludes that the R&R is due to be adopted in its entirety and the Motion granted in part.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 193) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. The parties' joint motion for entry of agreed preliminary injunction (Doc. 192) is **GRANTED IN PART** as follows.

3. From the date of this Preliminary Injunction, and until otherwise ordered by this Court or final trial on the merits, Defendants Mitchell Reed Sussman and the law firm of Mitchell Reed Sussman & Associates and any of Defendants' agents (including independent contractors and local counsel) to the extent those persons are acting as agents or otherwise at the direction of Defendants are enjoined from:

    a. Offering or providing or assisting others in offering or providing the following services:

        i. Notifying any Westgate (defined throughout to mean all Plaintiffs in this action) timeshare company, Westgate timeshare developer, or Westgate timeshare association that any person who owns a Westgate timeshare interest is "resigning" from or otherwise disassociating from any Westgate company, Westgate developer, or Westgate association for the purpose or intention of, or in connection with, cancelling or terminating any financial obligations the person owes or is claimed to owe in connection with Westgate timeshare ownership;

        ii. Preparing, recommending, instructing the execution of, or recording any deed or similar instrument customarily used to

    transfer legal title to a real property interest to any Westgate timeshare company, Westgate timeshare developer, or Westgate timeshare association without the express consent and acceptance of the Westgate timeshare company;

  iii. Preparing, recommending, instructing the execution of, or recording any deed or similar instrument customarily used to transfer legal title to a real property interest to: (1) any person who is known or reasonably should be known to not have the present intent and ability to pay the financial obligations associated with Westgate timeshare ownership; or (2) without complying with the Westgate timeshare company's right of first refusal and other contractual transfer requirements; and

  iv. Informing any Westgate timeshare owner who owns or owned a Westgate timeshare interest that the person does not owe any legal or financial obligations associated with the Westgate timeshare ownership because of or by virtue of any of the services described in (i)–(iii) above, regardless of who performed the services.

b. Encouraging, overseeing, directing, instructing, or in any other way, directly or indirectly, participating in any of the actions described in (a) above, regardless of who performed the services.

c. Westgate shall not seek to enforce this injunction against any person

or entity other than Defendants and their independent contractors and agents to the extent those persons are acting as Defendants' agents or otherwise at Defendants' direction (such independent contractors and agents do not include timeshare exit companies now in existence).

4. The Court finds that Plaintiffs are not required to pay security for this injunction to issue.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 19, 2019.



ROY B. DALTON JR.
United States District Judge


Copies to:
Counsel of Record