UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTGATE RESORTS, LTD. et al.,

    Plaintiffs,

v.                                                         Case No. 6:17-cv-1467-Orl-37DCI

MITCHELL REED SUSSMAN; and
MITCHELL REED SUSSMAN &
ASSOCIATES,

    Defendants.
_____

## **ORDER**

The Court held a pre-trial conference in this case on June 19, 2019, where it issued certain rulings. This Order memorializes the Court's oral pronouncements.

First, the Court directed the parties to submit supplemental briefing on Plaintiffs' ability to offer statistical evidence to prove what damages were caused by Mr. Sussman's interference with owners' contracts. Plaintiffs represented they had a "statistician" to opine on the correlation between owners' missed payments and Defendants' sending Westgate a letter of representation. Yet on review of Plaintiffs' witness and expert witness lists (Docs. 238-4, 238-6), the only expert Plaintiffs designated is Steven Wolf, a Certified Public Accountant retained to calculate damages. (Doc. 185-1, p. 1.) As Plaintiffs stated in their Response to Defendants' motion in limine, "Wolf's testimony will not address causation"—"he was not tasked with evaluating causation." (Doc. 232, p. 6.) He was "retained to calculate [Plaintiffs'] economic losses." (*Id*.) Plaintiffs then go on to say that

-1-

Wolf "will present facts related to the timing of certain owners' defaults, in relation to certain actions taken by [Defendants], but he has not reached any opinions expressly regarding causation and will not be offered to testify as to causation, beyond presenting the data." (*Id.* at 6–7.) Unlike the consumer behavior expert Dr. Stewart who was hired to analyze the effect of the defendants' advertisements in support of a Lanham Act claim in *Diamond Resorts, et. al v. Aaronson*, Case No. 6:17-cv-1394-Orl-37DCI (May 2, 2019 Doc. 223, pp. 1–2), Mr. Wolf is not a statistician and his Expert Report reflects mere calculations performed at the request of Plaintiffs, assuming liability. (Doc. 185-1, p. 12.) Thus, before the Court gets into the weeds of the admissibility of *statistical* evidence to support damages caused by Mr. Sussman's interference, Plaintiffs will be directed to identify the "statistician" poised to offer such evidence. The record certainly doesn't reflect one.

Next, after the Court expressed serious misgivings about how Plaintiffs could prove this case at trial—particularly with respect to the 131 owners who were simply foreclosed on without receiving one of Defendants' three exit methods that fall outside the scope of the Court's summary judgment order—the Court re-set this case for the September trial term with a Pre-Trial Conference on Thursday, August 15, 2019. To that end, the Court will direct the parties to re-submit the Joint Trial Statement following robust meet-and-confers on the Statement of the Case, Exhibit Lists, Deposition Designations, Jury Instructions, and the Verdict Form. The Court will also deny without prejudice the parties' pending motions in limine and electronic equipment motions, with a new submission date for all other motions.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before Monday, **June 24, 2019**, Plaintiffs are **DIRECTED** to identify the "statistician" referenced at the Pre-Trial Conference.

2. On or before Monday, **July 1, 2019**, Plaintiffs are **DIRECTED** to submit briefing on the admissibility of statistical evidence to support causation as it relates to the damages element of a tortious interference with contractual relations claim.

3. Defendants are **DIRECTED** to respond to Plaintiffs' brief on or before Monday, **July 22, 2019**.

4. The Pre-Trial Conference is re-set for Thursday, **August 15, 2019** at 10a.m.

5. On or before Monday, **August 5, 2019**, the parties are **DIRECTED** to submit a joint Pre-Trial Statement with all accompanying attachments (*see* Doc. 67, pp. 14–18). The parties are **DIRECTED** to meet and confer before submitting these materials.

6. The parties' motions to allow electronic equipment (Docs. 226, 227) and motions in limine (Docs. 228, 229) are **DENIED WITHOUT PREJUDICE**.

7. The parties' new deadline to file a single motion in limine and any other motions is Friday, **July 19, 2019**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 20, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record